UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADFORD JOHN MONTAGNE *et al.*, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civ. Action No. 12-0369 (ABJ) |
| ) | |
| RALPH R. ERICKSEN *et al.*, ) | |
| ) | |
| **Respondents.** ) | |
| _____ ) | |

**MEMORANDUM OPINION**

Petitioners, proceeding *pro se*, are two residents of Moose Lake, Minnesota, seeking issuance of a writ of habeas corpus presumably under 28 U.S.C. § 2241. The basis of petitioners' custody is unclear, but to the extent that they can satisfy the "in custody" requirement of § 2241(c), their remedy lies, if at all, in the judicial district having personal jurisdiction over their immediate custodian to whom "[t]he writ, or order to show cause shall be directed . . . ." 28 U.S.C. § 2243; s*ee Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) ("reaffirm[ing] that the immediate custodian . . . is the proper respondent" in a habeas action); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citation and internal quotation marks omitted) (alteration in original).

Since petitioners' alleged custodians are in Minnesota, this court lacks jurisdiction over the instant petition. *Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted). Hence, this action will be dismissed without prejudice. *See id*. ("The problem for Rooney is that, because his declaratory judgment

action must be treated as a habeas petition, it must also be dismissed for lack of jurisdiction.").

A separate order accompanies this Memorandum Opinion.

    .                              _____s/_____
                                          AMY BERMAN JACKSON
                                          United States District Judge

DATE:  March 14, 2012